FILED
 2009 Dec-11  AM 11:16
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ALAN KENT CHILDRESS, ) | |
|   ) | |
|   Plaintiff ) | |
|   ) | |
| v. ) | CASE NO. |
|   ) | |
| CITY OF HUNTSVILLE, ALABAMA; ) | |
| DONALD W. LONG; and EDWARD L. ) | |
| HOUCK, ) | |
|   ) | |
|   Defendants. ) | |

## COMPLAINT

Plaintiff Alan Kent Childress complains of defendants, stating as follows:

### Parties

1. Alan Kent Childress is of legal age and a citizen and resident of the state of Alabama.

2. Defendant the City of Huntsville, Alabama is a municipality organized and existing under the laws of the state of Alabama.

3. Defendant Donald W. Long was employed by the City of Huntsville as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.  He is sued in his individual capacity.

4. Defendant Edward L. Houck was employed by the City of Huntsville as a police officer at all times relevant to the allegations in this complaint and is a

resident and citizen of the state of Alabama.  He is sued in his individual capacity.

## Facts

5. Before 5:00 a.m. on or about December 16, 2007, Huntsville police officers Long and Houck came to 10002 Willow Park Drive, Huntsville, Alabama, to investigate an alleged 9-1-1 hangup call from this address.

6. This house is owned by plaintiff.

7. The house is located in a middle-income residential neighborhood without any history of significant crime problems.

8. The officers had no information indicating there was anyone in danger at plaintiff's home before arriving.

9. Because plaintiff had the phone lines removed from his house and cut back to the utility pole in August 2007, it is physically impossible for the 9-1-1 call to have come from his home.

10. Upon arriving at the house, everything appeared normal to the officers.

11. One of the officers rang plaintiff's doorbell.

12. Plaintiff went to his front door and looked out the window.

13. Because the officers had located themselves off plaintiff's porch, plaintiff could not see them clearly.  Plaintiff could see figures off of his porch but could not see that they were dressed as police officers.

14. The officers yelled to plaintiff, "Police! Open up!"

15. When plaintiff asked why, the officers claimed a 9-1-1 call had been made from plaintiff's home.

16. Because plaintiff could see one of the figures with what appeared to be a weapon, plaintiff called 9-1-1 to verify that the individuals at his house were police officers. Before calling 9-1-1 he informed the officers that this is what he was doing.

17. After 9-1-1 verified that officers were at his house, plaintiff opened the door and stepped onto the porch.

18. The porch was well lit, and plaintiff was unarmed, wore only a robe, and had his hands in clear view at all times.

19. The officers rushed onto the porch, got in plaintiff's face, and yelled at him, telling him, among other things, to do what they say and not to ask questions.

20. The officers continued to verbally attack plaintiff.

21. Plaintiff barely had an opportunity to say anything.

22. During his interaction with the officers on his porch plaintiff did not yell, threaten, or otherwise give the officers any reason to arrest him or use force on him.

23. Long put a penlight in plaintiff's face, inches from plaintiff's eye.

24. Plaintiff took a half step back to get a little distance from the penlight.

25. Long responded by getting back in plaintiff's face and putting the penlight back where it was.

26. Plaintiff told Long to get the light out of his eyes.

27. Long announced that plaintiff was "going down" and then the two officers threw plaintiff down on the porch and cuffed him.

28. After plaintiff was cuffed, when he turned his head to look, Long pepper sprayed him.

29. Houck was on plaintiff with Long, could see Long pull out his pepper spray, and could have prevented plaintiff from being assaulted with pepper spray but failed and refused to do so.

30. After spraying plaintiff, Long, among other things, called plaintiff a smart ass, asked him how he liked being sprayed, and called him a "fucker."

31. Thereafter, the two officers (and other Huntsville police officers who arrived on the scene), entered plaintiff's home and searched it.

32. The defendant officers spent over 20 minutes in plaintiff's home.

33. The officers had no legitimate reason for assaulting plaintiff, arresting him, entering his home, or searching his house for over 20 minutes.

34. Plaintiff was arrested and charged with obstructing governmental operations.

35. The charge is still pending. Plaintiff was convicted by a municipal judge, but he has appealed his conviction to circuit court.

## Count I - 42 U.S.C. § 1983 - Illegal Seizure

36. On or about December 16, 2007, the individual defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, arrested plaintiff without probable cause, thereby depriving plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unlawful seizure.

37. The false arrest was pursuant to a City policy and custom.

38. Prior to the arrest of plaintiff, the City permitted, encouraged, and ratified a pattern and practice of misconduct, including false arrests, in that the City:

    a. failed to discipline or prosecute or in any manner deal with known incidents of misconduct, including incidents of false arrest; and

    b. refused to investigate complaints of misconduct, including complaints of false arrest, and, instead, officially claimed such incidents were justified and proper.

39. The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of the City and caused the police officers of this municipality to believe that false arrest and other misconduct would be tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would falsely arrest plaintiff and other similarly-situated citizens.

40. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur legal bills, medical bills, and other expenses.

### Count II - 42 U.S.C. § 1983 - Unlawful Entry and Search

41. On or about December 16, 2007, the individual defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, entered plaintiff's home and exhaustively searched it without a warrant and without probable cause. The individual defendants did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unlawful searches.

42. The unlawful actions of defendants were pursuant to a City policy and custom.

43. Prior to the arrest of plaintiff, the City permitted, encouraged, and ratified a pattern and practice of misconduct, including unlawful searches, in that the City:

    a. failed to discipline or prosecute or in any manner deal with known incidents of misconduct, including incidents of unlawful searches; and

    b. refused to investigate complaints of misconduct, including complaints of unlawful searches, and, instead, officially claimed

such incidents were justified and proper.

44. The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of the City and caused the police officers of this municipality to believe that unlawful searches and other misconduct would be tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would unlawfully enter and search the home of plaintiff and other similarly-situated citizens.

45. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur expenses.

### Count III - 42 U.S.C. § 1983 - Excessive Force

46. On or about December 16, 2007, the individual defendants, acting under color of law within the meaning prescribed by 42 U.S.C. § 1983, assaulted and battered plaintiff. Defendants did thereby deprive the plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from excessive force.

47. The use of excessive force on plaintiff was pursuant to a City policy and custom.

48. Prior to the assault of plaintiff, the City permitted, encouraged, and ratified a pattern and practice of misconduct, including unjustified, unreasonable, and excessive use of force, in that the City:

   a. failed to discipline or prosecute or in any manner deal with known incidents of misconduct, including excessive force; and

   b. refused to investigate complaints of excessive force, and, instead, officially claimed such incidents were justified and proper.

49. The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of the City and caused the police officers of this municipality to believe that excessive force would be tolerated and that complaints of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would use excessive force on plaintiff and other similarly-situated citizens.

50. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, embarrassment, and humiliation and has been caused to incur medical bills and other expenses.

**Count IV - State Law - Illegal Search / False Arrest / False Imprisonment**

51. On or about December 16, 2007, the individual defendants entered plaintiff's home without a warrant and without probable cause, searched plaintiff's home, and arrested plaintiff without probable cause.

52. The conduct of the individual defendants was either negligent, wanton,

malicious, willful, or in bad faith.

53. To the extent that the conduct of the individual defendants and other unnamed Huntsville police officers who entered plaintiff's home was negligent or careless, the City is liable for their conduct, as they were acting within the line and scope of their employment with the City.

54. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, embarrassment, and has been caused to incur legal bills and other expenses.

### Count V - State Law - Assault and Battery/Excessive Force

55. On or about December 16, 2007, the individual defendants assaulted and battered and used excessive force on plaintiff.

56. This assault and battery and excessive use of force was either negligent, wanton, malicious, willful, or in bad faith.

57. To the extent that the individual defendants' assault and battery of and use of excessive force on plaintiff was negligent and not intentional, the City is liable for their conduct, as they were acting within the line and scope of their employment with the City.

58. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, embarrassment, and humiliation

and has been caused to incur medical bills and other expenses.

## Other Matters

59.    All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

60.    As relief, plaintiff seeks the following:

    a.    That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover;

    b.    That he be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence he is entitled to recover;

    c.    That he be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

    d.    That he be awarded the costs of this action, his reasonable attorney's fees, and his reasonable expert witness fees;

    e.    That he be awarded an amount to compensate plaintiff for any adverse tax consequences as a result of a judgment in his favor; and

    f.    That he be awarded such other and further relief to which he is justly entitled.

**Dated: December 10, 2009.**

Respectfully submitted,

_____
Henry F. Sherrod III (ASB-1200-D63H)
HENRY F. SHERROD III, P.C.
119 South Court Street
P. O. Box 606
Florence, Alabama 35631-0606
Phone: 256-764-4141
Fax: 877-684-0802
Email: hsherrod@hiwaay.net

Attorney for Plaintiff

## Jury Demand

Plaintiff requests a trial by jury.

_____
Henry F. Sherrod III

11