# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ALAN KENT CHILDRESS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 5:09-cv-2489-CLS |
| CITY OF HUNTSVILLE, ALABAMA, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

Defendants Investigator Donald W. Long and Investigator Edward L. Houk ("defendants") submit this Response to the Motion *in Limine* filed by plaintiff Alan Kent Childress in this case:

1. In his Motion *in Limine*, plaintiff seeks the exclusion of evidence regarding the contents of his home, including guns and ammunition, and evidence of plaintiff's identification as a citizen soldier. However, this Court should deny plaintiff's Motion *in Limine* as it relates to the admissibility of such evidence for the reasons stated below.

2. First, plaintiff seeks the exclusion of evidence regarding the contents of his home, specifically guns and ammunition found inside. However, in their first Motion *in Limine*, defendants sought the **admissibility** of the guns and ammunition observed in plaintiff's residence. For the reasons outlined in

defendants' first Motion *in Limine*, and the reasons stated below, this Court should deny plaintiff's Motion *in Limine* as it relates to the admissibility of the guns and ammunition observed in plaintiff's residence.

3. As more thoroughly discussed in defendants' first Motion *in Limine*, plaintiff is seeking punitive damages for defendants' conduct in this case. Defendants are entitled to present evidence of the guns and ammunition observed in plaintiff's residence to explain their actions to the jury to demonstrate why those actions did not meet the level required by federal law to support punitive damages. As such, it is clearly relevant, despite plaintiff's assertion to the contrary. Additionally, the introduction of such evidence is not unduly prejudicial to plaintiff, as he will have the opportunity to bring out the question of whether the guns were legal at the time and opportunity to explain, if he chooses, the presence of the guns in the residence. Moreover, the gun propped up near a window close to defendants' former position outside the residence was observed during the protective sweep of plaintiff's residence, which plaintiff concedes was proper. (Doc. 133 p. 32, n. 72). Accordingly, plaintiff's Motion *in Limine* as it relates to such evidence should be denied.

4. Second, plaintiff also seeks to exclude testimony regarding his belief he is a citizen soldier. However, this testimony by plaintiff is relevant for the jury to determine his credibility, particularly whether he believes his role as a citizen

2

soldier allows him to ignore the lawful commands of police officers and whether he dealt properly with defendants in this case.  Importantly, the description of plaintiff as a citizen soldier came from plaintiff himself, unsolicited by defense counsel.  Plaintiff's self-identification and personality trait as a citizen soldier are thus relevant for the jury to hear in assessing his credibility as a witness.  See, e.g., Davis v. Alaska, 415 U.S. 308, 316 (1974) ("A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or **personalities** in this case at hand.  The partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.'") (emphasis added) (citing 3A J. Wigmore, Evidence, § 940, p. 775 (Chadbourn rev. 1970)).

For the above reasons, and those reasons outlined in defendants' first Motion *in Limine*, defendants respectfully request that plaintiff's Motion *in Limine* be denied as it relates to evidence regarding guns and ammunition observed in plaintiff's residence and plaintiff's self-identification as a citizen soldier; defendants' first Motion *in Limine* be granted; and defendants be permitted to introduce evidence regarding such evidence.

*S / Stacy L. Moon*
Michael L. Fees (ASB-4924-F51M)
Stacy L. Moon (ASB-6468-I72S)
Allison B. Chandler (ASB-5553-L75C)

**Attorneys for defendants City of Huntsville, Alabama, Investigator Donald W. Long, and Investigator Edward L. Houk**

**OF COUNSEL:**

**F&B LAW FIRM, P.C.**
213 Greene Street
Huntsville, Alabama 35801
Telephone Number: (256) 536-0095
Facsimile Number: (256) 536-4440
E-mail: court@fb-pc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2013, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

HENRY F. SHERROD III
**HENRY F. SHERROD III, P.C.**
119 South Court Street
Post Office Box 606
Florence, Alabama 35631-0606
Telephone Number: (256) 764-4141
Facsimile Number: (256) 684-0802
E-mail: hank@alcivilrights.com

JERRY D. ROBERSON
Post Office Box 657
Haleyville, Alabama 35565
Telephone Number: (205) 485-1020
Facsimile Number: (205) 485-2660
E-mail: jerry@jdrlaw.org

*S/Stacy L. Moon*
Stacy L. Moon

4